**Opinion filed July 30, 2009**



In The

# Eleventh Court of Appeals

———————

## No. 11-08-00002-CR

———————

### FABIAN DERELL BROWN, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8119D**

### M E M O R A N D U M   O P I N I O N

Fabian Derell Brown appeals from a guilty verdict for assault-family violence. We affirm.

*Background Facts*

Appellant was charged with intentionally, knowingly, and recklessly causing bodily injury to Tomasa Garcia, a member of his family or household, by striking her on and about her face with his hand. The indictment was enhanced to a third degree felony based on a prior conviction for assault-family violence. Appellant pleaded not guilty to the charge but entered a plea of true to the enhancement paragraph and proceeded to a jury trial. The jury found him guilty and the

enhancement allegation true, and the court assessed his punishment at confinement for twenty-five years in the Texas Department of Criminal Justice, Institutional Division.

*Issues on Appeal*

Appellant asserts in two issues that the evidence is legally and factually insufficient to sustain his conviction for assault-family violence.

*Standard of Review*

In order to determine if the evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Jackson v. State*, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

To determine if the evidence is factually sufficient, we review all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, we determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11.

*Analysis*

A person commits an assault-family violence if he intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. TEX. PENAL CODE ANN. § 22.01(a) (Vernon Supp. 2008). "Bodily injury" means physical pain, illness, or any impairment of physical condition. TEX. PENAL CODE ANN. § 1.07(8) (Vernon Supp. 2008). The definition of bodily injury is broad and encompasses even relatively minor physical contacts as long as they constitute more than mere offensive touching. *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989).

Officer Santos Perez testified that he was dispatched to a domestic disturbance call. When he arrived at the scene, Officer Perez saw appellant with his finger in Garcia's face yelling at her. Officer Perez told appellant to step away from Garcia and to settle down, but appellant ignored Officer Perez and continued to yell and point his finger at Garcia. Officer Perez then grabbed appellant and took him to his patrol car. Officer Perez smelled alcohol on appellant, and he believed him to be intoxicated. Officer Perez placed appellant under arrest for public intoxication. Officer Perez testified that Garcia looked scared and that she had been crying. Officer Perez further testified that Garcia told him that she had a cut on the inside of her mouth but that he did not observe it.

Officer Martin Walker testified that he received a call regarding a domestic disturbance. Officer Walker interviewed Garcia at the scene. Garcia told him that she and appellant had gotten into an argument and that appellant had struck her three times on the side of her face. Officer Walker testified that he saw cut marks on the inside of her lip and on the left side at the crease of her mouth. Officer Walker did not take pictures of Garcia's injury because a camera was not available at that time. On cross-examination, Officer Walker testified that he did not see appellant strike Garcia.

Garcia testified that she and appellant had been married for eight years. Garcia further testified that she did not want to testify against her husband but that she would tell the truth. On the night of the assault, Garcia was staying with her friend when appellant knocked on the door looking for her. When she opened the door, appellant slapped her across the face and busted her lip. She further testified that, at some point during the argument, appellant grabbed her by the hair and threw her down the stairs. Garcia also gave a statement regarding the assault three days after the incident. In her statement, she stated that she wanted to press charges against appellant and that she had a cut inside her mouth. On cross-examination, Garcia testified that she was using crack cocaine and marihuana on the day of the incident and that she continued to use drugs up until her incarceration for a state jail felony.

Appellant argues that the evidence is insufficient to show that he caused bodily injury to Garcia because of Garcia's conflicting testimony and her wish not to testify against appellant. Appellant also argues that no jury could have found appellant guilty because neither of the officers

3

saw appellant hit Garcia. We disagree. Both officers testified that Garcia told them she had a cut on the inside of her mouth from appellant slapping her on the left side of her face. Officer Perez witnessed appellant pointing his finger in Garcia's face, yelling at her, and refusing to get away from her. Garcia testified that, when appellant slapped her across the face, he caused a cut on the inside of her mouth. Further, her testimony regarding the facts of the night of the assault was the same as the statement she gave days after the incident. Even though Garcia stated that she did not want to testify against appellant, her testimony was clear that, when appellant slapped her across the face, he caused a cut on the inside of her mouth.

Considering the entire record, the evidence is legally and factually sufficient to show that appellant caused bodily injury to Garcia. We overrule appellant's first and second issues on appeal.

*Conclusion*

We affirm the judgment of the trial court.

RICK STRANGE

JUSTICE

July 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4